UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SH3 HEALTH CONSULTING, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ELDER'S ANTIQUES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ST. LOUIS COUNTY, COUNTY EXECUTIVE | ) | |
| DR. SAM PAGE, | ) | |
| in his official capacity only, | ) | |
| | ) | |
| | ) | |
| ST. LOUIS COUNTY, ACTING DIRECTOR, | ) | |
| CHIEF MEDICAL OFFICER, | ) | |
| DEPARTMENT OF PUBLIC HEALTH | ) | |
| DR. EMILY DOUCETTE, | ) | |
| in her official capacity only, | ) | |
| | ) | |
| CITY OF ST. LOUIS MAYOR | ) | |
| LYDA KREWSON, | ) | |
| in her official capacity only, | ) | |
| | ) | |
| | ) | |
| CITY OF ST. LOUIS, DIRECTOR | ) | |
| OF HEALTH/HOSPITALS COMMISSIONER | ) | |
| FREDERICK ECHOLS, M.D., | ) | |
| in his official capacity only, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT, 42 U.S.C. 1983,
FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY AND PERMANENT INJUNCTIONS, AND
DECLARATORY JUDGMENT**

Plaintiffs SH3 Health Consulting, LLC and Elder's Antiques, LLC state for their

Fed.R.Civ.P. 65 and 57 Complaint seeking a temporary restraining order (with notice),

Preliminary and Permanent Injunctions, and Declaratory Relief against St. Louis County

Executive Sam Page, St. Louis County Acting Director, Chief Medical Officer, Department of

Public Health Dr. Emily Doucette, City of St. Louis Mayor Lyda Krewson, City of St. Louis,

Director of Health/Hospitals, Commissioner Frederick Echols, M.D.:

**INTRODUCTION**

1.      St. Louis County and City of St. Louis officials have issued orders that due to the

coronavirus epidemic all non-essential businesses be closed.  Under Missouri law,

however, during a statewide pandemic only Dr. Randall Williams, the Missouri Director

of Health and Senior Services, can order the closure of "places of public or private

assembly".  The City and County Orders are therefore unlawful and should be enjoined

by this court.

**PARTIES**

2.      Plaintiff SH3 Health Consulting, LLC, ("SH3, LLC"), is a Missouri LLC in good

standing, whose only member is Allan Finnegan, an adult resident of the County of St.

Louis, State of Missouri.  SH3 Health Consulting, LLC owns and operates a gym known

as Anytime Fitness, located at:

> 14577 Manchester Rd
> Manchester, Missouri 63011

> (in St. Louis County)

3.      Plaintiff Elder's Antiques, LLC, ("Elder's, LLC"), is a Missouri LLC in good standing,

whose only member is Cherri Elder, an adult resident of the County of Jefferson, State of

Missouri.  Elder's Antiques, LLC  owns and operates an antique store known as Elder's

Antiques, located at:

> 2016 Cherokee St.

2

St. Louis, Missouri 63118

(in City of St. Louis)

4.   Sam Page is the duly selected and serving County Executive of St. Louis County. Plaintiffs sue County Executive Page in his official capacities only.

5.   Dr. Emily Doucette is the duly selected and serving Acting Director, Chief Medical Officer, Department of Public Health of St. Louis County. Plaintiffs sue Dr. Doucette in her official capacity only.

6.   Lyda Krewson is the duly elected and serving Mayor of the City of St. Louis. Plaintiffs sue Mayor Krewson in her official capacity only.

7.   Frederick Echols, M.D. is the duly selected and serving Director of Health/Hospitals Commissioner of the City of St. Louis. Plaintiffs sue Dr. Echols in his official capacity only.

## CAUSE OF ACTION, JURISDICTION, AND VENUE.

8.   This action is brought pursuant to 42 U.S.C § 1983 to redress the deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution.

9.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 2201.

10.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiffs reside within St. Louis County and the City of St. Louis, Missouri, which are within the Eastern Division of the Eastern District of Missouri, all relevant events occurred within St. Louis County, Missouri and the City of St. Louis, Missouri, and the Defendants reside within St. Louis County and the City of St. Louis, Missouri.

11.  Declaratory relief is authorized by F. R. Civ. P. 57 and 28 U.S.C. § 2201.

12.  Injunctive relief is authorized by F. R. Civ. P. 65.

3

## COLOR OF STATE LAW

13.     At all times Defendants acted under color of state law.  Particularly, at all relevant times
each Defendant has been and is acting under color of the laws, statutes, ordinances,
regulations, policies, customs and usages of the State of Missouri, and its political
subdivisions.

## FACTS

### Pandemic

14.     The World, the United States, the State of Missouri, St. Louis County and the City of St.
Louis are all currently in the midst of a pandemic, a/k/a as a health emergency, resulting
from a disease c/k/a Covid-19, caused by a virus c/k/a the "coronavirus".  See April 24,
2020 Governor's Executive Order 20-09, Ex. 1, declaring a continuation of a state of
emergency in the State of Missouri due to infection from the coronavirus.

15.     Covid-19 is an infectious, contagious, communicable or dangerous disease.

### Plaintiffs Desire to Open for Business

16.     Plaintiff SH3, LLC, through its only member, Allan Finnegan, wishes to open to the
public for business on Monday, May 5, 2020.  See Ex. 2, Affidavit of Allan Finnegan.

17.     Plaintiff Elder's, LLC, through its only member, Cherri Elder, wishes to open to the
public for business on Monday, May 5, 2020.  See Ex. 3, Affidavit of Cherri Elder.

### Relevant Orders from Defendants

18.     On April 20, 2020 Dr. Doucette issued her "Director of Public Health-Extension and
Amendment of Stay at Home Order", Ex. 4, ("Dr. Doucette's Order"), to the citizens and
businesses of St. Louis County directing, in relevant part, that "all businesses other than
essential businesses shall cease all activities," § C.

4

19. The bolded section of Dr. Doucette's Order, regarding closing businesses. (For the sake of context Plaintiff includes all of section C):

      C.    Businesses

          1.    Essential Business may continue necessary activities so long as they comply, To the maximum extent possible, with Social Distancing Requirements for both employees and members of the public, including but not limited to, customers standing in line. All Essential Businesses are strongly encouraged to remain open.

          2.    **All businesses other than Essential Businesses shall cease all activities** withing the County except:

               i.    Minimum Basic Operations; and

               ii.    business activities consisting of employees or contractors performing activities at their own Residences (i.e., working from home). Businesses may provide pickup or delivery services so long as they otherwise comply with this Order.

          3.    No businesses or persons may operate or engage in a Prohibited Activity.

("The Challenged County Paragraph").

20. Dr. Doucette's Order has no expiration date.

21. Dr. Doucette had issued prior Orders but this Order wholly replaces and restates those prior Orders.

22. In recent days County Executive Page has made numerous public statements adopting the position of Dr. Doucette and confirming that pursuant to his authority non-essential businesses in St. Louis County must remain closed indefinitely.

23. County Executive Page's Executive Order 17 of April 22, 2020. Ex. 5 states that orders of Dr. Doucette have "the force of law", para. 2.

24.  On April 16, 2020, Dr. Echols issued his "Stay Home-Essential Activities Only Order, Health Commissioner's Order No. 7", Ex. 6, ("Dr. Echols' Order"), to the citizens and businesses of the City of St. Louis directing in § II, first para.:

> All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities.

> ("The Challenged City Paragraph").

25.  Under the terms of Dr. Echols' Order various businesses and activities are considered "essential", and under the terms of the order only essential businesses have a right to operate.

26.  Dr. Echols' Order has no expiration date.

27.  Dr. Echols had issued prior Orders but this Order wholly replaces and restates those prior Orders.

28.  In recent days Mayor Krewson has made numerous public statements adopting the position of Dr. Echols and confirming that pursuant to her authority non-essential businesses in the City of St. Louis must remain closed indefinitely.

29.  On April 3, 2020 and April 16, 2020 Dr. Randall W. Williams, M.D., FACOG, the State of Missouri Director of the Department of Health and Senior Services, issued two untitled Orders to the citizens and businesses of the State of Missouri, Exs. 7 and 8, ("Dr. Williams' Orders"), respectively, directing, in relevant part, the citizens and businesses of the State of Missouri to cease engaging in certain activities

30.  All of Dr. Williams' Orders expired at 11:59 p.m. on Sunday, May 3, 2020.

31.  In the course of recent days County Executive Page has made numerous statements to the public adopting Dr. Doucette's Orders as his own.

6

32.     In the course of recent days Mayor Krewson has made numerous statements to the public

        adopting that Dr. Echols' Orders as her own.

## Relevant Statutes

33.     RSMo. 190.300 states in relevant part:

        1.     The county commissions and the county health center boards of the several
               counties may make and promulgate orders, ordinances, rules or regulations,
               respectively as will tend to enhance the public health and prevent the entrance of
               infectious, contagious, communicable or dangerous diseases into such county, but
               any orders, ordinances, rules or regulations shall not:

               (1)     **Be in conflict with any rules or regulations authorized and made by
                       the department of health and senior services** in accordance with this
                       chapter or by the department of social services…

        (Emphasis added).

34.     RSMo. 192.290 states:

                All rules and regulations authorized and made by the department of health and
                senior services in accordance with this chapter shall supersede as to those matters
                to which this chapter relates, all local ordinances, rules and regulations and shall
                be observed throughout the state and enforced by all local and state health
                authorities.  Nothing herein shall limit the right of local authorities to make such
                further ordinances, rules and regulations **not inconsistent with the rules and
                regulations** prescribed by the department of health and senior services which may
                be necessary for the particular locality under the jurisdiction of such local
                authorities. (Emphasis added).

## Relevant State Regulation

35.     Regulation 19 CSR § 20-20.050(3), ("the Regulation"), states in relevant part:

                The local health authority, the director of the Department of Health and Senor
                Services or the director's designated representative is empowered to close any
                public or private school or other place of public or private assembly when, in the
                opinion of the local health authority, the director of the Department of Health and
                Senior Services or the director's designated representative, the closing is
                necessary to protect the public health.  **However, in a statewide pandemic, only
                the director of the Department of Health and Senior Services or the
                director's designated representative shall have the authority to close a public
                or private school or other place of public or private assembly.**  The director or
                designated representative shall consult with the local health authorities prior to

7

any such closing.  Any school or other place of public or private assembly that is ordered closed shall not reopen until permitted by whomever ordered the closure.

(Emphasis added).

### Plaintiff's Businesses "Non-Essential" as Defined Under the Orders

36.  Gyms, and in particular SH3, LLC's gym is "non-essential" under the terms of Dr. Doucette's Order.

37.  Antique Stores, and in particular Elder's, LLC's antique store is "non-essential" under the terms of Dr. Echols Order.

### Plaintiffs Cannot Open for Business on May 4, 2020

38.  Under the terms of Dr. Doucette's Order and as adopted by County Executive Page, SH3, LLC, cannot lawfully open its gym for business on May 4, 2020.

39.  Under the terms of Dr. Echols Order, and as adopted by Mayor Krewson, Elder's, LLC cannot lawfully open its antique store for business on May 4, 2020.

40.  When Plaintiffs' staff and customers interact they engage in expressive association and the advancement of shared beliefs, such as in the case of SH3, LLC the need for exercise and social discourse to improve physical, mental and spiritual health and other topics, and in the case of Elders, LLC, the artistic merits of different antiques and other topics.

41.  The personnel and customers of other businesses throughout St. Louis County and the City of St. Louis engage in similar assembly and association.

### RESOLUTION OF CONFLICT
### BETWEEN ORDERS, STATUTES AND REGULATIONS

42.  The two quoted statutes state that orders from local authorities during a pandemic or time of infectious, contagious, communicable or dangerous disease shall be "not inconsistent" with the regulations from the State's Department of Health and Senior Services.

43.  The Regulation is a regulation of the State's Department of Health and Senior Services

8

44.     The Regulation states that only the Director of the State Department of Health and Senior
        Services has the authority to close places of public assembly.

45.     Dr. Williams has issued no new order allowing closures of places of public assembly.

46.     Dr. Williams has not designated any persons in St. Louis County or the City of St. Louis
        to allow closures of places of public assembly.

47.     Those portions of Dr. Doucette's Order and Dr. Echols' Order which direct businesses,
        including SH3, LLC in St. Louis County and Elder's, LLC in the City of St. Louis, to
        close, conflict with Dr. Williams' Orders, because Dr. Williams' Orders have expired.

48.     Those portions of Dr. Doucette's Order and Dr. Echols' Order which direct businesses,
        including SH3, LLC in St. Louis County and Elder's, LLC in the City of St. Louis, are
        therefore unlawful.

### SPECIFIC SECTIONS OF ORDERS CHALLENGED

49.     Plaintiff SH3, LLC seeks to have declared invalid only the Challenged County Paragraph
        of Dr. Doucette's Order, that is, § C.2. as adopted by County Executive Page and
        declared by him to have "the force of law".

50.     Plaintiff Elders, LLC seeks to have declared invalid only the Challenged City Paragraph
        of Dr. Echols Order, that is II. para 1, as adopted by Mayor Krewson in her various
        public statements.

### ORDERS VIOLATE FUNDAMENTAL CONSTITUTIONAL RIGHTS

51.     Dr. Doucette's Order, including as adopted by County Executive Page, violate SH3,
        LLC's fundamental rights of association and assembly under the First Amendment, and

due process under the Fourteenth Amendment, and SH3, LLC's rights under the privileges or immunities clause of the Fourteenth Amendment.[1]

52.    Dr. Echols Order, including as adopted by Mayor Krewson violate Elder's, LLC's rights of association and assembly under the First Amendment, and due process under Fourteenth Amendment, and Elders, LLC's rights under the privileges or immunities clause of the Fourteenth Amendment.

53.    The right of association is a fundamental right, *United States v. Kelly*, 677 F.3d 373, 376 (8th Cir. 2012).

54.    The right of assembly is a fundamental right, *Holdridge v. United States*, 282 F.2d 302, 311 (8th Cir. 1960).

55.    The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property, *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

56.    The right to due process is a fundamental right when misconduct of officials is conscience shocking and in violation of one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. *Groenewold v. Kelley*, 888 F.3d 365, 373 (8th Cir. 2018).

57.    An order to cease operating a business, when not authorized by law, is conscience shocking and a violation of one or more fundamental rights that are deeply rooted in this

---

[1] Plaintiff recognizes that under current law the privileges or immunities clause of the Fourteenth Amendment likely does not protect the rights of a business owner to conduct business, but Plaintiff includes this claim as a good faith argument for extension, modification or reversal of existing law, Missouri Rules of Professional Conduct, Rule 4-3.1.

Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.

## CLAIMS INTERRELATED – COMMON QUESTIONS OF LAW

58.     Although SH3, LLC's claim is only against Dr. Doucette and County Executive Page and Elder's, LLC's claim is only against Dr. Echols and Mayor Krewson, the claims raise common questions of law.  If the cases were filed separately they would likely forthwith be consolidated.

## THE MISSOURI CONSTITUTION, ART. VI, § 19(A) - NO SAFE HARBOR FOR CITY

59.     The Missouri Constitution, Art. VI, § 19(a) states:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted **or by statute**. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

60.     Because the powers of the City of St. Louis in this situation is limited by RSMo. 192.300 and 192.290, Art. VI, § 19(a) does not provide a safe harbor for Dr. Echols Orders as adopted by Mayor Krewson.

## NO FACTS IN DISPUTE, WHOLLY A MATTER OF LAW

61.     Plaintiffs believe no facts herein are in dispute.  The issues before the court are thus wholly a matter of law.

## FACIAL CHALLENGE

62.     This is a facial challenge to the Challenged Paragraphs.

63.     The potential for harm extends beyond the parties, *Rodgers v. Bryant*, 942 F.3d 451, 459 (8th Cir. 2019), there is no scenario under which those Paragraphs can be lawful.

## ATTORNEY'S FEES AND COSTS

64.    Plaintiffs are accruing reasonable attorney's fees, and court costs (both taxable and non-
       taxable), and they claim those fees and costs pursuant to 42 U.S.C. § 1988.

## NOTICE

65.    On Thursday, April 30, 2020, undersigned counsel sent an open letter by fax to Beth
       Orwick, County Counselor of St. Louis County, and on the same day sent the same letter
       by e-mail to Julian Bush, the City Counselor of the City of St. Louis.

66.    The letter outlined the claims in this Complaint.

67.    For St. Louis County on May 1, 2020 Assistant County Counselor Steven Capizzi sent an
       e-mail to undersigned counsel acknowledging receipt of the letter, and for the City of St.
       Louis on the same day Julian Bush and undersigned counsel discussed the issues by
       phone.

68.    Through their attorneys, Defendants from both St. Louis County and the City of St. Louis
       thus have notice of these claims.

69.    Upon this filing, undersigned counsel will immediately deliver copies of the documents
       to those attorneys.

70.    Defendants will thus have notice of this matter upon the filing.

71.    Upon the setting of a hearing on Plaintiff's prayer for a temporary restraining order,
       Plaintiff's counsel will advise Defendants of the hearing's date and time.

## NO BOND OR MINIMAL BOND

72.    In an environmental case the Eighth Circuit approved waiving the Fed.R.Civ.P. 65(c)
       "security" requirement, that is a bond, or requiring only a minimal bond, when the claims
       were in the public interest and requiring a bond would create a potential chilling effect,

*Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, 826 F.3d 1030, 1043 (8th Cir. 2016).

73. As stated in their affidavits, Plaintiffs proceed in the public interest.

74. As stated in their affidavits, the Stay at Home Orders of recent weeks have left Plaintiffs financially strapped, and they are unable to post more than a minimal bond.

75. Because Plaintiffs will not be able to pay a bond, or more than a minimal bond, any order requiring a bond, or more than a minimal bond, will create a chilling effect.

## COUNT I - TEMPORARY RESTRAINING ORDERS

76. Plaintiffs incorporate all prior paragraphs.

77. SH3, LLC prays the court to issue a temporary restraining order against Dr. Doucette and County Executive Page prohibiting them from enforcing those portions of their orders directing that all businesses other than essential businesses in St. Louis County shall cease all activities.

78. Elder's, LLC prays the court to issue a temporary restraining order against Dr. Echols and Mayor Krewson prohibiting them from enforcing those portions of their orders directing that all businesses other than essential businesses in the City of St. Louis shall cease all activities.

79. Plaintiffs are filing concurrently with this Complaint a Motion for Temporary Restraining Order and Suggestions in Support.

WHEREFORE, Plaintiffs pray for temporary restraining orders enjoining:

The April 20, 2020 Director of Public Health-Extension and Amendment of Stay at Home Order of Dr. Emily Doucette, Acting Director, Chief Medical Officer, Department of Public Health of St. Louis County, § C, directing that "all businesses other than essential businesses shall cease all activities".

The April 16, 2020 "Stay Home-Essential Activities Only Order, Health Commissioner's Order No. 7" of Frederick Echols, M.D., Director of

13

Health/Hospitals Commissioner of the City of St. Louis, § II, first para, directing that "All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities"

Plaintiffs further pray for attorney's fees and costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT II – PRELIMINARY INJUNCTION

80.    Plaintiffs incorporate all prior paragraphs.

81.    SH3, LLC prays the court to issue a preliminary injunction against Dr. Doucette and County Executive Page prohibiting them from enforcing those portions of their orders directing that all businesses other than essential businesses in St. Louis County shall cease all activities.

82.    Elder's, LLC prays the court to issue a preliminary injunction against Dr. Echols and Mayor Krewson prohibiting them from enforcing those portions of their orders directing that all businesses other than essential businesses in the City of St. Louis shall cease all activities.

WHEREFORE, Plaintiffs pray for a preliminary injunction enjoining:

The April 20, 2020 Director of Public Health-Extension and Amendment of Stay at Home Order of Dr. Emily Doucette, Acting Director, Chief Medical Officer, Department of Public Health of St. Louis County, § C, directing that "all businesses other than essential businesses shall cease all activities".

The April 16, 2020 "Stay Home-Essential Activities Only Order, Health Commissioner's Order No. 7" of Frederick Echols, M.D., Director of Health/Hospitals Commissioner of the City of St. Louis, § II, first para, directing that "All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities"

14

Plaintiffs further pray for attorney's fees and costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT III – PERMANENT INJUNCTION

83.     Plaintiffs incorporate all prior paragraphs.

84.     SH3, LLC prays the court to issue a permanent injunction against Dr. Doucette and County Executive Page prohibiting them from enforcing those portions of their orders directing that all businesses other than essential businesses in St. Louis County shall cease all activities.

85.     Elder's, LLC prays the court to issue a permanent injunction against Dr. Echols and Mayor Krewson prohibiting them from enforcing those portions of their orders directing that all businesses other than essential businesses in the City of St. Louis shall cease all activities.

WHEREFORE, Plaintiffs pray for a permanent injunction enjoining:

> The April 20, 2020 Director of Public Health-Extension and Amendment of Stay at Home Order of Dr. Emily Doucette, Acting Director, Chief Medical Officer, Department of Public Health of St. Louis County, § C, directing that "all businesses other than essential businesses shall cease all activities".

> The April 16, 2020 "Stay Home-Essential Activities Only Order, Health Commissioner's Order No. 7" of Frederick Echols, M.D., Director of Health/Hospitals Commissioner of the City of St. Louis, § II, first para, directing that "All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities"

Plaintiffs further pray for attorney's fees and costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT IV - DECLARATORY RELIEF

86.     Plaintiffs incorporate all prior paragraphs.

WHEREFORE, Plaintiffs pray declare the following orders null and void:

The April 20, 2020 Director of Public Health-Extension and Amendment of Stay at Home Order of Dr. Emily Doucette, Acting Director, Chief Medical Officer, Department of Public Health of St. Louis County, § C, directing that "all businesses other than essential businesses shall cease all activities".

The April 16, 2020 "Stay Home-Essential Activities Only Order, Health Commissioner's Order No. 7" of Frederick Echols, M.D., Director of Health/Hospitals Commissioner of the City of St. Louis, § II, first para, directing that "All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities"

Plaintiffs further pray for attorney's fees and costs, and for such other relief as the court finds to be just, meet and reasonable.

I hereby verify and affirm that I have read and understood this document. I declare under oath and under penalty of perjury that to the best of my knowledge all the factual statements in the document related to SH3 Health Consulting, LLC are true and correct.

X _Allan Finnegan_____

Allan Finnegan, sole member of SH3 Health Consulting, LLC

State of Missouri     )
                      )  ss
County of St. Louis   )

Subscribed and sworn before me _May 4_, 20_20_

_____
Notary Public

> W. BEVIS SCHOCK
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St. Louis City
> My Commission Expires: September 21, 2022
> Commission Number: 14428867

I hereby verify and affirm that I have read and understood this document. I declare under oath and under penalty of perjury that to the best of my knowledge all the factual statements in the document related to Elder's Antiques, LLC are true and correct.

X _Cherri Elder_____

Cherri Elder, sole member of Elder's Antiques, LLC

State of Missouri     )
                      )  ss
County of St. Louis   )

Subscribed and sworn before me _May 4_, 20_20_

_____
Notary Public

> W. BEVIS SCHOCK
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St. Louis City
> My Commission Expires: September 21, 2022
> Commission Number: 14428867

Respectfully Submitted,

 /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

17