UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SH3 HEALTH CONSULTING, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ST. LOUIS COUNTY, COUNTY EXECUTIVE | ) | |
| DR. SAM PAGE, | ) | |
| in his official capacity only, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs, by counsel W. Bevis Schock, state for their Motion for Temporary Restraining Order:

St. Louis County and City of St. Louis officials have issued orders that due to the coronavirus epidemic all non-essential businesses be closed.  Under Missouri law, however, during a statewide pandemic only Dr. Randall Williams, the Missouri Director of Health and Senior Services, can order the closure of "places of public or private assembly".  The City and County Orders are therefore unlawful and should be enjoined by this court.

Plaintiffs SH3 Health Consulting, LLC and Elder's Antiques, LLC operate "non-essential" businesses in St. Louis County and the City of St. Louis, respectively, the former a gym and the latter an antiques store.  Defendants are County Executive Sam Page, the St. Louis County Acting Director, Chief Medical Officer, Department of Public Health Dr. Emily Doucette, City of St. Louis Mayor Lyda Krewson, and the Director of Health/Hospitals, Commissioner Frederick Echols, M.D.

As is well known, the State of Missouri is in the midst of a statewide epidemic from the coronavirus.  Defendants have issued Orders which require Plaintiffs to "cease" their operations. As of this filing those Orders are in effect and have no expiration date.

The specific sections of the Orders Plaintiffs challenge are:

The bolded section of Dr. Doucette's Order, Ex. 4, regarding closing businesses.

(For the sake of context Plaintiff includes all of section C):

C.      Businesses

1. Essential Business may continue necessary activities so long as they comply, To the maximum extent possible, with Social Distancing Requirements for both employees and members of the public, including but not limited to, customers standing in line.  All Essential Businesses are strongly encouraged to remain open.

2. **All businesses other than Essential Businesses shall cease all activities** withing the County except:

   i. Minimum Basic Operations; and

   ii. business activities consisting of employees or contractors performing activities at their own Residences (i.e., working from home).  Businesses may provide pickup  or delivery services so long as they otherwise comply with this Order.

3. No businesses or persons may operate or engage in a Prohibited Activity.

("The Challenged County Paragraph").

The section of Dr. Echols's Order, Ex. 6 regarding closing businesses which states:

All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities.

("The Challenged City paragraph").

Dr. Randall W. Williams, M.D., FACOG, the State of Missouri Director of the Department of Health and Senior Services, meanwhile, has in the course of the pandemic issued two Orders, on April 3, 2020, Ex. 7 and April 16, 2020, Ex. 6, but those Orders expired on Sunday, May 3, 2020, the day before Plaintiffs are filing this case.

RSMo. 190.300 allows local officials to issue orders during times of a health crisis such as this, but such orders "shall not be in conflict with any rules or regulations authorized and made by the department of health and senior services."

RSMo. 190.290 echoes RSMo. 190.300 and states:

> All rules and regulations authorized and made by the department of health and senior services in accordance with this chapter shall supersede as to those matters to which this chapter relates, all local ordinances, rules and regulations and shall be observed throughout the state and enforced by all local and state health authorities.  Nothing herein shall limit the right of local authorities to make such further ordinances, rules and regulations **not inconsistent with the rules and regulations** prescribed by the department of health and senior services which may be necessary for the particular locality under the jurisdiction of such local authorities. (Emphasis added).

The relevant regulation is 19 CSR § 20-20.050(3):

> The local health authority, the director of the Department of Health and Senor Services or the director's designated representative is empowered to close any public or private school or other place of public or private assembly when, in the opinion of the local health authority, the director of the Department of Health and Senior Services or the director's designated representative, the closing is necessary to protect the public health. **However, in a statewide pandemic, only the director of the Department of Health and Senior Services or the director's designated representative shall have the authority to close a public or private school or other place of public or private assembly**.  The director or designated representative shall consult with the local health authorities prior to any such closing.  Any school or other place of public or private assembly that is ordered closed shall not reopen until permitted by whomever ordered the closure.

(Emphasis added).

The statute thus requires that local officials not issue orders which are inconsistent with 19 CSR § 20-20.050(3).  That regulation allows **ONLY** the Director of the Department of Health

and Senior Services to close places of private assembly.  Gyms and antique stores are places of private assembly.

Defendants' Orders violate Plaintiffs' rights to assembly, association, and due process.  In the case of due process, the deprivation of Plaintiff's property rights is conscience shocking and in violation of one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.  *Groenewold v. Kelley*, 888 F.3d 365, 373 (8th Cir. 2018).

Defendants' Orders that businesses, including Plaintiffs' businesses, cease operations are facially unlawful, and should be subject to an immediate temporary restraining order.

The analysis of the four factors which determine whether to grant a temporary restraining order is as follows.  Plaintiffs have an immediate interest in exercising their constitutional rights, and will suffer irreparable harm if their constitutional rights are denied.  The balance is in favor of Plaintiffs because all they seek to do is enforce Missouri statutes and regulations as written, and this case presents nothing more than a request that the state's top health official's actions be followed.  As stated above, Plaintiffs argument is sound, and therefore Plaintiff is likely to prevail on the merits.  It is in the public interest for the state's laws to be followed.

The court should exercise its discretion to waive bond, or to order a minimal bond.

Plaintiffs do not challenge any other aspects of Defendants' Orders.

Plaintiffs make no assertion regarding the merits of any scientific view of the coronavirus epidemic.  Plaintiffs only assert that the view of the state's Director of Health and Senior Services, who as of this filing has not ordered places of public assembly closed, trumps the views of the Defendants, who are all local officials.

Plaintiffs assert a facial challenge because the potential for harm extends beyond the parties, *Rodgers v. Bryant*, 942 F.3d 451, 459 (8th Cir. 2019), and there is no scenario under which the Challenged Paragraphs can be lawful.

WHEREFORE, Plaintiffs pray for temporary restraining orders enjoining:

> The April 20, 2020 Director of Public Health-Extension and Amendment of Stay at Home Order of Dr. Emily Doucette, Acting Director, Chief Medical Officer, Department of Public Health of St. Louis County, § C, directing that "all businesses other than essential businesses shall cease all activities".

> The April 16, 2020 "Stay Home-Essential Activities Only Order, Health Commissioner's Order No. 7" of Frederick Echols, M.D., Director of Health/Hospitals Commissioner of the City of St. Louis, § II, first para, directing that "All businesses, not-for-profits, and other institutions are allowed to maintain the value of inventory and infrastructure, provide security, process payroll or employee benefits, or facilitate employees working remotely, but are required to cease all other activities"

Plaintiffs further pray for attorney's fees and costs, and for such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,

　　/s/ W. Bevis Schock　　.
W. Bevis Schock, 32551MO
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322