IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SH3 HEALTH CONSULTING, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: 4:20-cv-00605-SRC ) |
| SAM PAGE, M.D., in his official capacity as County Executive of St. Louis County, Missouri, et al., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS SAM PAGE, M.D. AND EMILY DOUCETTE, M.D.'S MEMORANDUM IN SUPPORT OF MOTION TO STAY**

Defendants Sam Page, M.D., County Executive of St. Louis County, Missouri ("Dr. Page"), and Emily Doucette, M.D., Director of the St. Louis County Public Health Department ("Dr. Doucette") (together, the "County Defendants"), submit this Memorandum in Support of their Motion to Stay.

**I.      INTRODUCTION**

Plaintiff SH3 Health Consulting, LLC ("SH3") seeks to enjoin aspects of the County's Stay-at-Home Order that restrict operations of non-Essential Businesses. Although SH3 alleges that the Order violates certain of its purported rights under the U.S. Constitution, it asserts an antecedent basis for enjoining them under Missouri state law. Specifically, SH3 alleges that Mo. Rev. Stat. § 192.290 and 19 CSR 20-20.050 reserve exclusively to the Missouri Department of Health and Senior Services (the "DHSS") the power to close businesses, and thus preclude the County from doing so through its Stay-at-Home Order. (Complaint, Doc. No. 1, ¶¶ 33-50.) SH3's allegations are without merit for the reasons explained in the County Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order. To the extent, however, the Court determines

2378018

that SH3's claims implicate unclear or unsettled issues of Missouri law, the resolution of those issues would modify or moot the alleged constitutional grounds for SH3's challenge. Further, those issues implicate important matters of state and local government that principles of comity and federalism dictate should be decided by a Missouri state court. If the Court concludes that the County's powers with respect to the County Stay-at-Home Order are not beyond question, the County Defendants respectfully request that the Court stay this matter pursuant to the doctrine of *Pullman* abstention.

## II. ARGUMENT

**A. To the Extent the Court Determines that SH3's Claims Raise Unsettled Issues of State Law, the Court Should Stay this Action Under *Pullman* Abstention Because Resolution of those Issues Could Avoid, or Materially Alter, the Alleged Constitutional Issues.**

*Pullman* abstention is one of several doctrines that permit a district court to abstain from deciding an issue in order to preserve "traditional principles of equity, comity, and federalism." *See Beavers v. Arkansas State Bd. of Dental Examiners*, 151 F.3d 838, 840-41 (8th Cir. 1998) (quoting *Alleghany Corp. v. McCartney,* 896 F.2d 1138, 1142 (8th Cir. 1990)). More specifically, *Pullman* abstention "requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Doe v. McCulloch*, 835 F.3d 785, 788 (8th Cir. 2016). The Court also considers: "the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy;" "available state remedies;" and "whether abstention will avoid unnecessary federal interference in state operations." *Beavers*, 151 F.3d at 840-41.

When the two *Pullman* conditions apply, "abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative

2

decisions on questions of state law, and premature constitutional adjudication[.]" *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 511 (1972).

> **1.    To the extent the Court determines that the statutes and regulations SH3 invokes raise unsettled issues of state law, abstention is warranted because resolution of those issues may moot or alter the alleged federal constitutional grounds for its challenge.**

SH3's allegations implicate several issues of state law, including the meaning and applicability of the regulation on which SH3 relies (19 CSR 20-20.050), and the interaction between that regulation, on the one hand, and the County Stay-at-Home Order, Charter provisions, Executive Orders, and Ordinances pursuant to which it was promulgated, on the other hand.  SH3 contends that 19 CSR 20-20.050(3) precludes the County from restricting certain operations of non-Essential Businesses.  As explained more fully in the County Defendants' Opposition to SH3's Motion for Temporary Restraining Order, SH3's claims are without merit because, among other reasons, that regulation does not apply here.

If, however, the Court determines that the parties' respective positions implicate any unsettled issues on this point, the first condition of *Pullman* abstention is satisfied.  For example, SH3 "presume[s] that Defendants will admit we are in a statewide pandemic." (Doc. No. 1-13 at 8.)  However, the DHSS's regulations specifically define "Statewide pandemic" to mean "an outbreak of a particularly dangerous disease affecting a high proportion of the population, appearing in three (3) or more counties, as declared by the director of the Department of Health and Senior Services."  19 CSR 20-20.010(37).  As set forth more fully in the County Defendants' Opposition to SH3's Motion for Temporary Restraining Order, this condition is not satisfied because, among other reasons, the DHSS has not declared a "Statewide pandemic."  Likewise, SH3, citing *Derboven v. Stockon*, 490 S.W.2d 301, 210 (Mo. Ct. App. 1972), argues that "place of public or private assembly" means, simply, a place "where people are wont to assemble." (*See*

3

SH3's Memorandum in Support of its Motion for Temporary Restraining Order, Doc. No. 3, at p. 8.)  *Derboven*, however, did not define the "place of public or private assembly" language in the regulation at issue.  Further, an adjacent DHSS regulation, 19 CSR 20-20.040(2)(G), purports to make it "the duty of the local health authority," here Dr. Doucette of the County, "the director of the department, or the director's designated representative" to "[e]stablish appropriate control measures which may include . . . closure of establishment," after receiving "a report of a disease which is infectious, contagious, communicable, or dangerous in its nature." 19 CSR 20-20.040(2)(G).  Moreover, even if 19 CSR 20-20.050 were to apply (it does not), the County Stay-at-Home Order preempts any purportedly contrary state statute and regulations because it is an exercise of the County's home-rule authority under its Charter and Article VI, Section 18 of the Missouri Constitution. *See, e.g., Casper v. Hetlage*, 359 S.W.2d 781, 790 (Mo. 1962) (County zoning ordinances superseded purportedly inconsistent state statute because zoning was local issue); *State ex rel. St. Louis Cnty. v. Campbell*, 498 S.W.2d 833, 836 (Mo. Ct. App. 1973) (County Charter provision relating to condemnation prevailed over state statute and rule because "the power of condemnation is a matter of local concern so that the procedure specified in the charter supersedes the statutes.").

The second condition for applying *Pullman* abstention is the possibility that a state law determination will moot the federal constitutional question raised.  *See Doe*, 835 F.3d at 788.  That is the case here.  If a Missouri court were to agree with SH3 that 19 CSR 20-20.050 and the statute pursuant to which it is enacted somehow preclude the County from implementing the County Stay-at-Home order under it home-rule authority, adjudication of the SH3's constitutional claims would be unnecessary.

4

      **2.**      **If the Court determines there are any unsettled issues of State law, federalism and comity strongly favor abstaining under *Pullman* so a Missouri state court can resolve them.**

According to SH3, adjudication of SH3's claims involve the interpretation and application of Missouri state laws. With these state-law issues, and given the extraordinary circumstances facing the County and the State of Missouri, principles of federalism and comity favor this Court staying its hand and allowing the appropriate Missouri tribunal to decide them. *See, e.g., City of Chicago v. Fieldcrest Dairies*, 316 U.S. 168, 172 (1942) (*Pullman* abstention required where claims involved conflict between local ordinance and Illinois statute because "Illinois has the final say as to the meaning of the ordinance in question" as well as "the final word on the alleged conflict between the ordinance and the state Act."); *Robinson v. City of Omaha.*, 866 F.2d 1042, 1043 (8th Cir. 1989) (district court should have abstained, under *Pullman* abstention, from exercising jurisdiction over challenge to provision in Omaha city charter on both state law and federal constitutional grounds, where plaintiff alleged that the city charter provision violated a Nebraska state statute) ("the more reasonable course for federal courts to pursue would be to abstain, allowing Nebraska's courts to construe [the state statute], and to determine whether the state statute and the laws of the City of Omaha are in conflict."); *Caldara v. City of Boulder*, No. 18-1421, 2020 WL 1814596, at *4 (10th Cir. Apr. 10, 2020). (affirming district court's decision to abstain under *Pullman* based on purported conflict between Colorado statute and Boulder ordinance relating to firearm); *Allsberry v. Flynn*, No. 4:19-CV-02366-SNLJ, 2019 WL 5295128, at *4 (E.D. Mo. Oct. 18, 2019) ("the best course of action in this case is to allow the Missouri courts to weigh in and resolve many of the open questions of state law on a topic of considerable importance to Missouri's sovereignty."). Further, the fact that SH3 purports to challenge the County's Stay-at-Home Order on First Amendment grounds does not preclude application of *Pullman* abstention. *See Doe*, 835 F.3d at 788 (district court properly abstained, under *Pullman* abstention, from

5

immediately adjudicating First Amendment challenge to Missouri statute restricting grand jurors from disclosing information).

### III.   CONCLUSION

For the foregoing reasons, if the Court determines that SH3's claims raise any unsettled issues of state law, resolution of those issues may obviate the federal constitutional questions SH3 asserts. As a result, the County Defendants respectfully request that the Court grant the County Defendants' Motion to Stay, stay this action, and grant such other and further relief as deemed proper under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: May 5, 2020          By:      /s/ Neal F. Perryman
                                     Neal F. Perryman, #43057 (MO)
                                     Michael L. Jente, #62980 (MO)
                                     Jerina D. Phillips, #65103 (MO)
                                     600 Washington Avenue, Suite 2500
                                     St. Louis, Missouri 63101
                                     Telephone: (314) 444-7661
                                     Facsimile:  (314) 612-7661
                                     nperryman@lewisrice.com
                                     mjente@lewisrice.com
                                     jphilips@lewisrice.com

                                     and

**BETH ORWICK**
**COUNTY COUNSELOR**

Steven J. Capizzi, #56209 (MO)
Associate County Counselor
Office of County Counselor
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042 tel.
(314) 615-3732 fax
scapizzi@stlouisco.com

*Attorneys for Defendants Sam Page, M.D. and Emily Doucette, M.D.*