IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SH3 HEALTH CONSULTING, LLC, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAM PAGE, M.D., in his official capacity as ) <br> County Executive of St. Louis County, ) <br> Missouri, et al., ) <br> ) <br> Defendants. ) | Case No.: 4:20-cv-00605-SRC |

### DEFENDANTS SAM PAGE, M.D. AND EMILY DOUCETTE, M.D.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This lawsuit involves the validity of a public health order enacted by St. Louis County (the "County"), *i.e.*, the County's Stay-at-Home Order (the "County Stay-at-Home Order"), designed to limit the spread of COVID-19. (*See* Complaint, Doc. No. 1, *passim.*) The County, like the City of St. Louis and places across the world, faces the continued threat and spread of the deadly COVID-19 virus. The County's Stay-at-Home Order is one of many efforts by the County, County Executive Sam Page, M.D. ("Dr. Page"), and the Director of the St. Louis County Public Health Department ("Dr. Doucette") (Dr. Page and Dr. Doucette together, the "County Defendants"), to stymie the spread of COVID-19 and thus save lives.

### I. BACKGROUND

SH3 filed its Verified Complaint on May, 4, 2020. (Doc. No. 1) SH3 does not (and could not) plead in its Verified Complaint that there has been a declaration of a "statewide pandemic" by the State of Missouri Director (the "Director") of the Department of Health and Senior Services (the "DHSS"). (*See id.*, *passim.*) SH3's claims, which are premised on alleged violations of certain of its rights under the United States Constitution, are further predicated entirely upon

2378329

whether a "statewide pandemic," as defined by law, has been declared by the Director. (*See id.*, ¶¶ 35, 43-44, 51.)

On May 6, 2020, a hearing was held on SH3's Motion for Temporary Restraining Order. (*See* Doc. No. 22.) During the hearing, counsel for SH3 forthrightly acknowledged that there has been no declaration by the Director of a "statewide pandemic." This is dispositive.

## II.   ARGUMENT

### A.   Standard of Review

This Court may grant a motion to dismiss pursuant to Rule 12(b)(6) when the allegations of the complaint fail to plead facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). When it is clear from the complaint that there is some insuperable bar to relief, a court should grant a Rule 12(b)(6) motion. *Krentz v. Robinson*, 228 F.3d 897, 905 (8th Cir. 2000). There is an "insuperable bar" here, as discussed below.

### B.   SH3's Concession that the Director Has Not Declared a "Statewide Pandemic" Is Dispositive of SH3's Claims.

As relevant, and dispositive, here, 19 CSR 20-20.010(37) provides:

> Statewide pandemic is an outbreak of a particularly dangerous disease affecting a high proportion of the population, appearing in three (3) or more counties, *as declared by the director of the Department of Health and Senior Services.*

(Emphasis added.) Thus, under the plain language of the regulation, absent such a declaration by the Director, the DHSS does not even arguably possess the authority referenced under 19 CSR 20-20-050(3), as contended and replied upon by SH3. (*See* SH3's Motion for Temporary Restraining Order, Doc. No. 2, at pp. 3-4 ("That regulation allows **ONLY** the Director of the Department of Health and Senior Services to close places of private assembly." (emphasis in original).)

SH3 suggested today at the Temporary Restraining Order ("TRO") hearing that the Court can remedy the absence of a declaration by the Director (in order for SH3 to continue pursuing its claims) under the guise of judicial notice. Respectfully, however, the Court cannot take judicial notice of whether a state official should or should not have declared a "statewide pandemic," nor should the Court supplant (through judicial notice or otherwise) its declaration for (or render a declaration in substitute of) that of the public official charged with making such a declaration under state law, *i.e.*, the Director of DHSS. *See generally Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974) (explaining, in the context of reviewing an agency decision, that a court "is not empowered to substitute its judgment for that of the agency" and that a court "may not supply a reasoned basis for the agency's action that the agency itself has not given"); *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (explaining, in the context of reviewing an agency decision, that "[i]f an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment"); *United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976) (explaining that, for purposes of judicial notice, legislative facts are "*established* truths, facts or *pronouncements* that do not change from case to case but apply universally" (emphasis added)).

Simply put, the absence of a declaration by the Director of a "statewide pandemic," as required under 19 CSR 20-20-050(3), is dispositive of this matter.

C. **Moreover, No Conflict Exists Between the DHSS's Orders and the County Stay-at-Home Order.**

In addition, to the extent SH3's claims are alternatively premised on an alleged conflict between the DHSS's Orders and the County Stay-at-Home Order, it is beyond dispute that no such conflict exists. (*Compare* the DHSS's April 27, 2020 Order, attached as Exhibit A to the County Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, *with* the County Stay-at-Home Order, attached as Exhibit 4 to Plaintiffs' Complaint.) As discussed at the TRO hearing, there is no longer any State Order at all.

D. **Dismissal with Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6) Is Appropriate.**

Given that there is no predicate for SH3's theory of relief of a federal constitutional deprivation (*i.e.,* that the County Defendants are acting outside of their authority because only the Director has the relevant authority under Missouri state law), dismissal with prejudice is warranted.

### III. CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that the Court grant the County Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); dismiss SH3's Verified Complaint, with prejudice; and grant for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: May 6, 2020         By:    /s/ Neal F. Perryman
Neal F. Perryman, #43057 (MO)
Michael L. Jente, #62980 (MO)
Jerina D. Phillips, #65103 (MO)
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7661
Facsimile: (314) 612-7661
nperryman@lewisrice.com
mjente@lewisrice.com
jphillips@lewisrice.com

and

**BETH ORWICK
COUNTY COUNSELOR**

Steven J. Capizzi, #56209 (MO)
Associate County Counselor
Office of County Counselor
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042 tel.
(314) 615-3732 fax
scapizzi@stlouisco.com

*Attorneys for Defendants Sam Page, M.D. and Emily Doucette, M.D.*