UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SH3 HEALTH CONSULTING, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.   4:20-CV-00605 |
| | ) | |
| ST. LOUIS COUNTY, COUNTY EXECUTIVE) | | |
| DR. SAM PAGE, | ) | |
| in his official capacity only, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS PAGE AND DOUCETTE'S MOTION TO DISMISS**

Plaintiffs, by counsel W. Bevis Schock, state as their Memorandum in Opposition to

Defendants Sam Page and Emily Doucette, M.D.'s Motion to Dismiss:

Defendants Sam Page and Emily Doucette, M.D. (these Defendants) Motion to Dismiss,

Doc. # 25, asserts that because Plaintiffs do not allege that the state Director of the Department

of Health and Senior Services has declared a "statewide pandemic" that Plaintiff's Complaint

fails.  Plaintiffs respond that, as the parties discussed at oral argument, the court may take

judicial notice that there is a statewide pandemic.  Plaintiffs suggest the fact of the statewide

epidemic is "generally known within the trial court's territorial limits", F.R.E. 201(b)(1).

Plaintiffs ask the court to find that there is a de facto statewide epidemic and that is sufficient.

Plaintiffs respectfully suggest that it is inconsistent for these Defendants to claim

overwhelming executive power to fight an epidemic while simultaneously claiming that there is

no statewide epidemic because it has not been "declared", and given that these Defendants admit

that the coronavirus epidemic is worldwide, it is also inconsistent to assert that it is limited to St.

Louis County (or the City of St. Louis).

Plaintiffs note an additional detail in this case which was perhaps not clear in Plaintiff's original pleadings.  Plaintiffs' due process claim is for substantive due process.  Plaintiffs' Complaint, Doc. # 1, asserts that Defendant's orders violate their fundamental rights under the shock the conscience standard, para. 56, which is the standard for substantive due process.

Plaintiffs also note that the basis of the substantive due process claim is (assuming the court accepts Plaintiffs' argument that there is a statewide pandemic and the failure of the state Director of the Department of Health and Senior Services to declare it is irrelevant) that the local officials failure to follow the dictates of the statutes and regulations by making their own "cease all activities" orders violates the stated procedures of those statutes and that regulation.  Plaintiffs Memorandum in Support of their Motion for Temporary Restraining Order, Doc. # 3, explains those arguments in detail, and Plaintiffs incorporate those arguments by reference, Fed.R.Civ.P. 10(c).  The substantive due process claim is separate from the assembly and association claims, which Plaintiffs bring under the First Amendment.

The court stated in its ruling denying Plaintiffs' Motion for Temporary Restraining Order that it would issue a separate order regarding abstention.  On that issue, Plaintiffs respectfully suggest, as undersigned counsel stated at oral argument, that the issues involved are not complex, and therefore the court should not exercise abstention:  "Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim." *Zwickler v. Koota*, 389 U.S. 241, 250-51, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967)) *and see Wisconsin v. Constantineau*, 400 U.S. 433, 439 (1971) (abstention rule only applies where 'the issue of state law is uncertain).

WHEREFORE, Plaintiffs pray the court to deny these Defendants' Motion to Dismiss, deny abstention, and set the matter for hearing on Preliminary and Permanent Injunction.

Respectfully Submitted,

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020 the foregoing was filed electronically with the Clerk of
Court to be served by operation of the Court's electronic filing system upon the following:

All counsel of record

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO

3